UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DON HARRIS, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Court No.: 08 C 2638 |
| v. | ) ) | |
| DAIMLERCHRYSLER CORP., and CHRYSLER LLC, | ) ) ) ) | Judge Dow Magistrate Judge Cole |
| Defendants. | ) | |

**JOINT STATUS REPORT**

    A.    THE ATTORNEYS OF RECORD FOR EACH PARTY, INCLUDING THE ATTORNEY(S) EXPECTED TO TRY THE CASE

<u>For the Plaintiff</u>:

Edward T. Joyce, Esq.
Rowena T. Parma, Esq.
Edward T. Joyce & Assoc., PC
11 S. LaSalle St., Suite 1600
Chicago, IL 60603
(Local Counsel)

Steven L. Bloch, Esq.
Peter R. Kahana, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

Kirk D. Tresemer, Esq.
Randal R. Kelly, Esq.
Darren A. Natvig, Esq.
Irwin & Boesen, P.C.
501 S. Cherry St., Ste. 500
Denver, CO 80246

Gary S. Graifman, Esq.
Michael L. Braunstein, Esq.
Kantrowitz, Goldhamer & Graifman
210 Summit Ave.
Montvale, NJ 07645

Peter J. McNulty, Esq.
McNulty Law Firm
827 Moraga Dr.
Los Angeles, CA 90049

Gary E. Mason, Esq.
The Mason Law Firm, LLP
1225 19th St., NW, Ste. 500
Washington, D.C. 20038

Jonathon H. Waller. Esq.
Waller Law Office
2140 11th Avenue S, # 222
Birmingham, AL 35205

Andreas N. Akaras, Esq.
The Akaras Law Offices
4423 Lehigh Rd. #308
College Park, MD 20740

Lead trial counsel are expected to be Peter R. Kahana, Berger & Montague, P.C., Kirk D. Tresemer, Irwin & Boesen, P.C., and Peter J. McNulty of the McNulty Law Firm.

For the Defendants:

Anthony J. Anscombe
C. Kinnier Lastimosa
Sedgwick, Detert, Moran & Arnold LLP
One North Wacker Drive
Suite 4200
Chicago, IL 60606

Chrysler anticipates that Anthony Anscombe will be the lead trial counsel. He is a member of this Court's trial bar.

B.  THE BASIS FOR FEDERAL JURISDICTION

Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332(d)(2) in that this is a Class action in which the alleged amount in controversy exceeds five million dollars ($5,000,000.00), the members of the Plaintiff Class are citizens of the State of Illinois, and the Defendant is a citizen of the State of Michigan, and the number of members in all proposed plaintiff Classes in the aggregate exceeds one hundred (100).

C.  THE NATURE OF THE CLAIMS ASSERTED IN THE COMPLAINT AND COUNTERCLAIM.

Plaintiff brings this class action for himself and on behalf of all other persons in the State of Illinois who purchased or leased a model 1998 - 2004 Chrysler Concorde, Chrysler Sebring, Dodge Intrepid or Dodge Stratus ("Class Vehicles") equipped with an 2.7 liter V6 Engine (the "Engine"). Plaintiff claims that the Engine is defective by reason of an identical design defect which causes the formation of harmful "Oil Sludge" and resulting damage to the Engines in the Class Vehicles. Plaintiff claims a right to class action relief based on alternative theories of Unjust Enrichment and Illinois's Consumer Fraud and Deceptive Business Practices Act ("ICFA").

Chrysler denies the allegations of the Complaint. It contends that its vehicles were well designed and well constructed. To the extent that customers were dissatisfied with the performance of their vehicles, such subjective expectations do not support the claims asserted. Chrysler further contends that its warranty and good-will programs

properly and adequately addressed customer satisfaction issues. Chrysler contends that this case cannot proceed on a class basis, as it involves a large number of individual issues relating to vehicle performance, customer satisfaction, the existence or non-existence of damage, and affirmative defences including the statutes of limitation, accord and satisfaction, and others. These issues, and the trial time they require, will greatly overwhelm that devoted to alleged common issues of law and fact.

D.   THE NAME OF ANY PARTY WHO OR WHICH HAS NOT BEEN SERVED, AND ANY FACT OR CIRCUMSTANCE RELATED TO NON-SERVICE OF PROCESS ON SUCH PARTY.

Both Defendants have been served with process.

Chrysler LLC states that there no longer exists any entity known as DaimlerChrysler Corporation or DaimlerChrysler LLC..

E.   THE PRINCIPAL LEGAL ISSUES.

Plaintiff believes that the principal legal issue is whether the Court will certify a class action. The class certification sought by Plaintiff concerns two damages subclasses, which are:

Subclass A - The Mechanical Failure Subclass

This subclass consists of all persons in the State of Illinois who purchased or leased a model year 1998-2004 Chrysler Concorde, Chrysler Sebring, Dodge Intrepid or Dodge Stratus equipped with a 2.7 liter internal combustion engine which failed mechanically due to Oil Sludge Malfunction, and for which that purchaser or lessee has or will incur engine repair costs.

Subclass B - The Oil Sludge Build-up Subclass

This subclass consists of all persons in the State of Illinois who purchased or leased a model year 1998-2004 Chrysler Concorde, Chrysler Sebring, Dodge Intrepid or Dodge Stratus equipped with a 2.7 liter internal combustion engine which has not yet failed mechanically due to Oil Sludge Malfunction, and for which that purchaser or lessee has or will incur costs for inspection and/or cleaning of the engine.

Chrysler denies that either class can be certified, and denies any liability.

3

F.     THE PRINCIPAL FACTUAL ISSUES.

Plaintiff believes that the principle factual issues include:

- whether the Engine in the Class Vehicles have a common design defect;

- whether the Defendants sought to conceal the Design Defect from the public, and/or to suppress or misrepresent the existence of the Defect;

- whether the Defendants have engaged in an unconscionable commercial practice, including aggravated acts, as defined under Illinois's Consumer Fraud Act and Deceptive Business Act, 815 § ILCS 505/1, *et seq.*; and

- whether the Defendants have been unjustly enriched to the detriment of the consumers owning or leasing the Class Vehicles.

Chrysler contends that the principle factual issues will include-

- What caused the alleged engine problems in Plaintiff's vehicle?

- When did Plaintiff learn of the alleged engine problems?

- What did Plaintiff do to maintain his vehicle?

- What efforts did plaintiff make to address his customer satisfaction issues with Chrysler?

- What expectations did plaintiff have regarding his vehicle at the time of purchase, and what sources of information did he consult to learn about it?

- What actual economic harm, if any, has plaintiff sustained?

G.     WHETHER A JURY TRIAL HAS BEEN DEMANDED BY ANY PARTY.

The Plaintiff has demanded a jury trial.

Chrysler also demands a jury trial.

H.     A BRIEF DESCRIPTION OF ANY DISCOVERY THAT HAS BEEN TAKEN AND OF THE DISCOVERY ANTICIPATED TO BE REQUIRED, AND SUGGESTED DATES FOR DISCOVERY DEADLINES AND CUTOFF. PARTIES ARE REMINDED OF THEIR DISCOVERY OBLIGATIONS UNDER FED. R. CIV. P. 26 AND LOCAL RULE 26.1.

No discovery has been taken in this action, although a substantial amount has occurred in a parallel action in New Jersey. Plaintiff anticipates that reasonable discovery will require more than the presumptive depositions allowed by the rules, given the nature of the case. The parties will be in a better position to suggest proposed discovery deadlines once Plaintiffs receive Defendants' answer to the Complaint and have the opportunity to conduct a meet and confer conference.

I. IF REASONABLY ASCERTAINABLE AT THIS EARLY STAGE OF THE CASE, THE EARLIEST DATE THE PARTIES WOULD BE READY FOR TRIAL AND ESTIMATED LENGTH OF TRIAL.

The parties believe that they will be in a better position to propose a date for the filing of Plaintiff's motion for class certification after their meet and confer conference.

J. WHETHER THE PARTIES CONSENT UNANIMOUSLY TO PROCEED BEFORE A MAGISTRATE JUDGE.

Plaintiff will consent to proceed before a magistrate judge.

Chrysler does not consent to proceed before a magistrate judge.

K. THE STATUS OF ANY SETTLEMENT DISCUSSIONS.

No settlement discussions have taken place.

L. WHETHER THE PARTIES REQUEST A SETTLEMENT CONFERENCE.

The parties do not request that a settlement conference be scheduled at this early stage of the case.

/s/ Rowena T. Parma_____    /s/ Anthony J. Anscombe_____

Edward T. Joyce & Associates, PC       Sedgwick, Detert, Moran & Arnold LLP
11 South LaSalle Street                One North Wacker Drive
Suite 1600                             Suite 4200
Chicago, IL 60603                      Chicago, IL 60606
(312) 641-2600                         (312) 641-9050

CERTIFICATE OF SERVICE

    The undersigned, an attorney, certifies that the foregoing documents was e-filed and served electronically and via other delivery as indicated by the Clerk of the Court this 29th day of July 2008.

                                                /s/ Rowena T. Parma_____